UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| RONALD M. PARILLA, ALDA RUGG, BILLY CATES, THERESA DECLUE, AILEEN NUNEZ, DAVID W. ROBERTS, KIM LEMISTER, SHANE BRADLEY, and FRANTARSHIA STAFFORD,  individually and individually and on behalf of a Class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD ESLINGER, individually and in his official capacity as Sheriff of Seminole County, MICHAEL TIDWELL, individually and in his official capacity as Director of the John E. Polk Correctional Facility, DAVID DIGGS, in his individual capacity, and SEMINOLE COUNTY,<br><br>Defendants. | Case No. 6:05-cv-850-Orl-31KRS |

## ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION

WHEREAS, Plaintiffs, RONALD M. PARILLA, ALDA RUGG, THE ESTATE OF BILLY CATES, THERESA DECLUE, AILEEN NUNEZ, DAVID W. ROBERTS, KIM LEMISTER, SHANE BRADLEY, and FRANTARSHIA STAFFORD, by and through attorneys, and Defendants DONALD ESLINGER, MICHAEL TIDWELL, DAVID DIGGS,  and SEMINOLE COUNTY, by and through their attorneys, have entered into a Stipulation of Settlement intending to resolve all claims raised in this class action pending in this Court;

WHEREAS, the Stipulation of Settlement, together with the supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the pending class action against all Defendants;

WHEREAS, the Court has before it and has reviewed the parties' Stipulated Motion for

Preliminary Approval of Settlement of Class Action together with Stipulation of Settlement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Stipulation of Settlement were the result of good faith, arms length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants, after mediation ordered by this Court before Terrence Schmidt;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The terms of the Stipulation of Settlement are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

2. The Court hereby orders that the class of persons defined in Paragraph 11 of the Stipulation of Settlement filed and incorporated by reference herewith is certified as a Provisional Settlement Class.

3. The Court further conditionally finds that Plaintiffs RONALD M. PARILLA, ALDA RUGG, THE ESTATE OF BILLY CATES, THERESA DECLUE, AILEEN NUNEZ, DAVID W. ROBERTS, KIM LEMISTER, SHANE BRADLEY, and FRANTARSHIA STAFFORD are adequate class representatives for the Settlement Class.

4. The Court further finds that Plaintiffs' counsel The Law Office of Larry Hanks, P.A., and Larry Hanks, attorney; and the Florida Justice Institute, Inc., and Randall C. Berg, Jr., attorney,. are adequate class counsel.

5. The Court approves the Notice of Proposed Settlement of Class Action Strip Search Case attached hereto as **Exhibit A** and further approves the method by which notice is proposed to be given.

6. If, pursuant to the terms of the Stipulation of Settlement, the settlement is not consummated, the conditional certification of the Settlement Class and preliminary approval of the

Stipulation of Settlement shall be void and the parties shall have reserved all of the rights to continue

with any litigation or further mediation or settlement discussions.

7.   The Bar Date, as defined in paragraph 1 of the Stipulation of Settlement, shall be May 4,

2007.

8.   Counsel for the class ("class counsel") are as follows:

> Randall C. Berg, Jr., Esq.
> Fla. Bar No. 0318371
>
> Florida Justice Institute, Inc.
> 4320 Bank of America Tower
> 100 S.E. Second Street
> Miami, FL 33131-2309
> 305/358-2081 - Telephone
> 305/358-0910 - Facsimile
> rcberg@bellsouth.net - E-Mail
>
> and
>
> J. Larry Hanks, Esq.
> Fla. Bar No. 813982
> Larry Hanks, P.A.
> 6500 South Highway 17-92
> Fern Park, Florida 32730
> 407-423-1231 - Telephone
> 407-423-3066 - Facsimile
> larrylaw@bellsouth.net E-Mail

9.   Counsel for Defendants are as follows:

> Thomas W. Poulton, Esq.
> Fla. Bar No. 0083798
> D. Andrew DeBevoise, Esq.
> Fla. Bar No. 0281972
>
> DeBevoise & Poulton, P.A.
> Lakeview Office Park, Suite 1010
> 1035 S. Semoran Boulevard
> Winter Park, Florida 32792
> 407/673-5000 - Telephone
> 497/673-5059 - Fax
> Poulton@debevoisepoulton.com - E-mail:
>
> Attorneys for Defendants Eslinger, Tidwell, and Diggs
>
> Henry W. Jewett, II, Esq.
> Fla. Bar No. 380024
> David T. White, III, Esq.

-3-

Fla. Bar No. 0528171

Rissman, Barrett, Hurt, Donohue & McLain, P.A.
201 E. Pine Street, 15th Floor
P.O. Box 4940
Orlando, Florida 32802-4940
(407) 839-0120-Telephone
(407) 841-9726-Facsimile
trey.white@rissman.com - E-mail

10.   Beginning no later than February 12, 2007, counsel for the parties shall cause to be disseminated the Notice and Claim Form, substantially in the form attached as **Exhibits A** and **B** hereto, in the manner set forth in Parts VI and XI of the Stipulation of Settlement.  Class members will have up to and including May 4, 2007, in which to opt out of this settlement, to object to the settlement or to file claims.  Prior to the Fairness Hearing, the parties shall file and serve a sworn statement attesting to compliance with the provisions of this paragraph.

11.   The notice to be provided as set forth in the Stipulation of Settlement is hereby found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with applicable statutes, due process, the Constitution of the United States, and other applicable laws.  The notices are accurate, objective, informative and provide class members with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

12.   Any member of the Settlement Class who wishes to be excluded ("opt out") from the Settlement Class must send a written request for exclusion to the Court, so that it is received by the Court at the address indicated in the mailed and published Notice on or before the Bar Date.  The request for exclusion shall fully comply with requirements set forth in the Stipulation of Settlement. Members of the Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Court.

13.   Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all of the terms and provisions of the Stipulation of Settlement, including but not limited to the releases, waivers and covenants described in the Stipulation of Settlement, whether or not such person objected to the settlement and whether or not such person made a claim upon or participated in the Settlement Fund created pursuant to the Stipulation of Settlement.

14.   A hearing on final approval, the "Fairness Hearing," is hereby scheduled to be held before this Court on Thursday, May 24, 2007, at 1:00 p.m., to consider the fairness, reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of these class action complaints with respect to the released parties herein, and the entry of final judgment in the class action.  Class counsel's request for approval of an award of attorneys' fees and costs shall be heard at the time of the Fairness Hearing.

15.   The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be issued by the Court.

16.   Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney.  Settlement Class members who do not enter an appearance through their own attorneys will be represented by class counsel.

17.   Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed settlement.  Any class member may object to the proposed settlement, entry of the final order and judgment approving the settlement, and class counsel's application for approval of attorneys' fees and expenses by filing and serving a written objection.

18.   Any class member making the objection (an "objector") must sign the objection personally.  Any objection must state why the objector objects to the proposed settlement and provide the basis to support such position.  If an objector intends to appear personally at the Fairness

-5-

Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

19.   Objections, along with any notice of intent to appear, must be filed with the Court no later than May 4, 2007.  If counsel is appearing on behalf of more than one class member, counsel must identify each such class member and each class member must have complied with the requirements of this order.  These documents must be filed with the Clerk of the Court at the following address:  United States District Court, Middle District of Florida, Orlando Division, Judge Gregory A. Presnell, George C. Young U.S. Courthouse & Federal Building, 80 North Hughey Avenue Orlando, Florida 32801.

20.   Objections, along with any notice of intent to appear, must also be mailed to class counsel and counsel for Defendants at the addresses listed below:

Class Counsel

Randall C. Berg, Jr., Esq.
Fla. Bar No. 0318371

Florida Justice Institute, Inc.
4320 Bank of America Tower
100 S.E. Second Street
Miami, FL 33131-2309
305/358-2081 - Telephone
305/358-0910 - Facsimile
rcberg@bellsouth.net - E-Mail


Counsel for Defendants Eslinger, Tidwell, and Diggs:

Thomas W. Poulton, Esq.
Fla. Bar No. 0083798

DeBevoise & Poulton, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
407/673-5000 - Telephone
497/673-5059 - Fax
Poulton@debevoisepoulton.com - E-mail

Counsel for Defendant Seminole County

David T. White, III, Esq.
Fla. Bar No. 0528171

Rissman, Barrett, Hurt, Donohue & McLain, P.A.
201 E. Pine Street, 15th Floor
P.O. Box 4940
Orlando, Florida 32802-4940
(407) 839-0120-Telephone
(407) 841-9726-Facsimile
trey.white@rissman.com - E-mail

21.  Only class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing.  Any class member who does not timely file and serve an objection in writing to the settlement, entry of final order and judgment, or to class counsel's application for fees and expenses, in accordance with the procedure set forth in the class notice and mandated in the order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

22.  Persons wishing to be heard at the Fairness Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Fairness Hearing.  Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

23.  All members of the Settlement Class who do not personally and timely request to be excluded from the class are enjoined from proceeding against the Defendants until such time as the Court renders a final decision regarding approval of the settlement and, if the settlement is approved, enters final judgment as provided in the Stipulation of Settlement.

24.  Upon approval of the settlement provided for in the Stipulation of Settlement, each and every term and provision shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an order of this Court.

28.  Magistrate Judge Karla Spaulding of the United States District Court is hereby appointed to serve as Special Master to review and resolve certain disputes pursuant to the terms of the Stipulation of Settlement.

29.  All reasonable costs incurred in notifying members of the Settlement Class as well as administering the Stipulation of Settlement shall be paid as set forth in the Stipulation of Settlement.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 25, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Magistrate Judge Karla Spaulding
Clerk of the Court

**EXHIBIT A**

**ORDER FOR PRELIMINARY APPROVAL
OF SETTLEMENT OF CLASS ACTION**

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION STRIP SEARCH CASE**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**
**YOU MAY BE ENTITLED TO RECEIVE A PAYMENT.**

**It has been determined that you were arrested and booked at the John E. Polk Correctional Facility in Seminole County and strip-searched prior to your first appearance between June 9, 2001 and August 30, 2005, and are entitled to monetary compensation under a class action settlement.**

**If You Wish to Claim Monetary Compensation, fill out and return by mail the enclosed Claim Form as Soon as Possible but No Later than May 4, 2007.**

For more information, please read this notice.

There is now pending in the United States District Court, Middle District of Florida, Orlando Division, an action filed as a class action on behalf of persons allegedly illegally strip searched and unreasonably detained after being ordered immediately released or posting bond at the Seminole County Jail between June 9, 2001 and August 30, 2005.  A Stipulation of Settlement, approved preliminarily by the Court, defines the class in this settlement as follows:

> All persons who meet all of the following criteria: (1) erroneously designated during the Class Period by the John E. Polk Correctional Facility as a "remand by court" (RBC) and thereby strip-searched; (2) who were at the time of the RBC designation facing only charges of a violation of a municipal ordinance, a traffic infraction, or misdemeanor charge not involving violence, drugs, or weapons; (3) who did not actually appear before a judge prior to the strip search; and (4) for whom there was not probable cause for a strip search to check for contraband or weapons.

The Settlement Class is estimated to number between six (6) and nineteen (19) individuals and believed to consist primarily of individuals who were arrested while at or near the Seminole County Courthouse.

**While the Stipulation of Settlement does make changes to better ensure that persons who have been ordered released from detention or who have posted bond will not be kept for an unreasonable length of time, it does not provide any such persons with monetary damages.**

You have received this Notice because the parties have determined that you are a possible class member based on their review of the Sheriff's records and your criminal case file.

This Notice is to inform you that a settlement has been proposed in this action and that, as a possible class member, your rights may be affected by the settlement.  This Notice also summarizes the terms and effect of the proposed settlement, what you can do to participate in it, how you may obtain money under the settlement and what you must do if you choose to exclude yourself from the class.

## SUMMARY OF THE PROPOSED TERMS

A Stipulation of Settlement ("Settlement") was entered into after intensive negotiations between the parties, conducted with the assistance of a third party mediator.  The Parties are requesting that the Court approve

the Settlement.

## A.  Parties to the Settlement.

The parties to the Settlement are the Plaintiffs named in *Parilla, et al. v. Donald Eslinger, et al.*, United States District Court, Middle District of Florida, Orlando Division, Case No. 6:05-cv-850-Orl-31KRS filed on behalf of themselves and the Settlement Class, and various defendants including the Sheriff of Seminole County, the current and past Directors of the John E. Polk Correctional Facility, and Seminole County.  Counsel for the class are Randall C. Berg, Jr., Esq., Florida Justice Institute, Inc., 4320 Bank of America Tower, 100 S.E. Second Street, Miami, FL 33131-2300 and J. Larry Hanks, Esq., Larry Hanks, P.A., 6500 South Highway 17-92, Fern Park, Florida 32730.

## B.  Defendants Do Not Admit Any Liability

Plaintiffs allege that the acts and/or omissions which are the subject of the claims covered by this action (strip searches) violated various state and federal laws.  Defendants deny all allegations of wrongdoing and deny any liability to plaintiffs or to any other class members.  The parties have agreed that, in order to avoid long and costly litigation, this controversy should be settled pursuant to the terms of the settlement as described in this Notice, subject to the approval of the Court.

## C.    Monetary Terms of Settlement

### 1.  Payment to Representative Plaintiffs

Under the terms of the settlement, the nine (9) representative plaintiffs will receive a total of $360,000.00 to be allocated equally among them.

### 2.   Payment to Settlement Class Members Who File Claims and Are Verified

Defendants have offered to pay as much as $54,000.00 under the terms of the settlement which will be referred to as the Class Fund to verified Settlement Class Members (SCMs).

The parties have determined that it is probable that the number of SCMs is not less than six (6) nor more than nineteen (19). Verified SCMs will receive $1,800.00 each, provided there are no more than thirty (30) verified SCMs.  If there are less than thirty (30) SCM, any remaining Class Funds will be returned to the Defendants.

In the event there are more than thirty (30) verified SCMs, the settlement stipulation will be considered null and void, and the lawsuit will be placed back on the trial docket.  However, the Defendants have the option of deciding within fourteen (14) calendar days from the Bar Date whether to pay any additional verified SCMs in excess of thirty (30), $1,800.00 each, and thereby salvage the Stipulation of Settlement.

### 3.  Attorneys' Fees, Expenses, and Costs

In addition to funds reserved for the payment of Class Claims, Class Counsel will receive, subject to approval of the Court, a fee of $206,000.00 as attorneys' fees, costs and expenses.

## D.    Strip Search Policy

Defendants have revised their strip search policies so that no person arrested on infractions or ordinance

violations or misdemeanors not involving violence, drugs, or weapons, without reasonable suspicion that a strip search would be productive of contraband or weapons, will be strip searched prior to first appearance, unless there is probable cause to do so and prior written authorization for the strip search has been obtained from a supervising officer. Defendants have further agreed to make no further substantive changes in the strip search policies for two years without prior approval of class counsel or order of the Court.

## E.     Unreasonable Detention

Defendants have agreed to hire additional staff, to purchase automated telephonic information equipment, and to change their intake review policies to effectuate more prompt releases of persons once ordered released by a judge or after they have posted bond.  The Sheriff will report to the court once these procedures are in place.  **There will be no monetary settlement for any claim of unreasonable detention for the settlement class.  In the event there are persons currently unknown to class counsel who were relying on this lawsuit and for whom the statute of limitations may have expired, and who would like to pursue any monetary claim they may have for being unreasonably detained after being ordered released or after posting bond, those persons may bring any such claim independent of this action without the fear of the Defendants defending on the basis of a violation of the statute of limitations provided such action is filed within 90 (Ninety) days of the Effective Date approving this Stipulation of Settlement.**

## F.     Your Options as a Settlement Class Member

### 1.     Be Bound by, and Participate in the Settlement.

To qualify for a payment, you must timely mail in the enclosed Claim Form to Class Counsel.  You have until May 4, 2007, to submit a Claim Form or to opt-out of the settlement.  Mail your completed Claim Form to: **Randall C. Berg, Jr., Esq., Florida Justice Institute, Inc., 100 S.E. Second Street, 4320 Bank of America Tower, Miami, Florida 33131-2309.**

Remember, if you do not timely submit a Claim Form, you cannot get a payment. If you submit a Claim Form, you will be bound by the settlement and receive money.  If you do not submit a claim form but do not exclude yourself from the class (as explained in the next paragraph), you will be bound by the terms of the Settlement and dismissal entered in this case, but you will not receive any money.

By participating in this Settlement you will be waiving all your rights to all claims up to and including August 30, 2005, related to strip searches at the John E. Polk Detention Facility, even those of which you are not presently aware.

### 2.     Exclude Yourself From the Class.

You do not have to take part in the Settlement or be a member of the class. This is called "excluding" yourself.  If you exclude yourself, you can not get a payment and you can not object to the Settlement. Any Court orders will not apply to you.  To exclude yourself, you must sign a request for exclusion letter that states that you want to be excluded from *Parilla, et al. v. Donald Eslinger, et. al.*, Case No. 6:05-cv-850-Orl-31KRS, and file it with the Clerk of Court, whose address is United States District Court, Middle District of Florida, Orlando Division, George C. Young U.S. Courthouse & Federal Building, 80 North Hughey Avenue, Orlando, Florida 32801.  A copy of your exclusion letter to the Clerk of the Court must also be mailed and postmarked before May 5, 2007, to: **Randall C. Berg, Jr., Esq, Florida Justice Institute, Inc., 100 S.E. Second Street, 4320 Bank of America Tower, Miami, Florida 33131-2309.**

If you do not follow these instructions, you will lose your right to exclude yourself. If you exclude yourself, you cannot get any money from the Settlement of this case and you cannot tell the Court you do not like the Settlement (which is called "objecting"). If you exclude yourself, you are no longer part of the class or the Settlement. But you can sue or be part of a different lawsuit against the Sheriff of Seminole County and Seminole County about the claims in this case.

## G.   Fairness Hearing and Process for Objections.

A fairness hearing will be held on May 24, 2007 at 1:00 p.m. at the United States District Court, Middle District of Florida, Orlando Division, George C. Young U.S. Courthouse & Federal Building, 80 North Hughey Avenue, Orlando, Florida 32801 in Courtroom 3. If you are a class member and do not exclude yourself, you can tell the Court you do not like the Settlement or some part of it at this hearing. This is called objecting to the Settlement. For example, you can say you do not think the Settlement is fair or adequate. The Court will consider your views.

To object, you must send a letter to the court that contains all of the following:

1. The name and title of the lawsuit, *Parilla, et al. v. Donald Eslinger, et al.*, United States District Court, Middle District of Florida, Orlando Division, Case No. 6:05-cv-850-Orl-31KRS;

2. A statement of each objection you have and the facts that support the objections;

3. A description of any law or case supporting the objections;

4. A statement on whether or not you or your lawyer will ask to appear at the Fairness Hearing to talk about your objections, and, if so, how long you will need to present your objections; and

5. Copies of any documents you or your lawyer will present at the Fairness Hearing.

At the hearing on the proposed settlement, the Court may schedule further hearings without further notice to the class. The matters considered at such future hearings may include, but shall not be limited to, further consideration of the fairness and adequacy of the proposed settlement, the determination of the settlement of individual claims filed by class members, consideration of the request for attorneys' fees and reimbursement of costs and expenses to class counsel, and the form and entry of the final judgment of dismissal in the event the proposed settlement is approved by the court.

Individually, or through counsel, any class member has the right to object to the proposed Settlement as a whole, to the amount of attorneys' fees and costs of Class Counsel, or to any portion of either. ANY SUCH OBJECTIONS MUST BE FILED IN WRITING ON OR BEFORE MAY 4, 2007, IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION, GEORGE C. YOUNG U.S. COURTHOUSE & FEDERAL BUILDING, 80 NORTH HUGHEY AVENUE, ORLANDO, FLORIDA 32801, ATTENTION: CLERK, RE: *PARILLA, ET AL. V. DONALD ESLINGER, ET AL.*, CASE NO. 6:05-cv-850-Orl-31KRS. If you wish to appear and present your objections at the fairness hearing, you must also submit a Notice of Intention to Appear that identifies the case, contains your name and address, and explains the reason the appearance is desired. The Notice of Intention to Appear and any objections must be filed with the Court on or before May 4, 2007. You may be represented by your own attorney. If you are to be represented by an attorney at the hearing, his or her name, address and telephone number must be included in the Notice of Intention to Appear as well.

A copy of the Statement of Objection and/or Notice of Intention to Appear must also be mailed to: Randall C. Berg, Jr., Esq., Florida Justice Institute, Inc., 4320 Bank of America Tower, 100 S.E. Second Street, Miami,

FL 33131-2309; Thomas W. Poulton, Esq., DeBevoise & Poulton, P.A., Lakeview Office Park, Suite 1010, 1035 S. Semoran Boulevard, Winter Park, Florida 32792 and Henry W. Jewett, II, Esq., Rissman, Weisberg, Barrett, Hurt, Donohue & McLain, P.A., 201 E. Pine Street, 15th Floor, P.O. Box 4940, Orlando, Florida 32802-4940.

## H.    How to Obtain Further Information

For additional information regarding the Settlement and Claim Form, or a copy of the Settlement Agreement, Claim Form or Class Counsel's Application for Attorney's Fees, you or your counsel should contact: Randall C. Berg, Jr., Esq., Florida Justice Institute, Inc., 4320 Bank of America Tower, 100 S.E. Second Street, Miami, FL 33131-2309. You may also obtain detailed information about the case by examining the Court file located in the office of the Clerk of the United States District Court, George C. Young U.S. Courthouse & Federal Building, 80 North Hughey Avenue, Orlando, Florida 32801.

## I.    Court Approval.

Although the Court has reviewed the proposed Settlement, no decision has been, or will be, reached by the Court, until the Fairness Hearing.  This Notice does not indicate that the Court has approved the Settlement.


Clerk
United States District Court

**EXHIBIT B**

**ORDER FOR PRELIMINARY APPROVAL
OF SETTLEMENT OF CLASS ACTION**

# CLASS ACTION CLAIM FORM

### JOHN E. POLK CORRECTIONAL FACILITY JAIL STRIP SEARCH LAW SUIT
### *PARILLA, et al. v. ESLINGER, et al.*
### UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION, CASE NO. 6:05-cv-850-Orl-31KRS

#### FILL OUT THIS FORM IF:

**YOU WERE ARRESTED ON MUNICIPAL ORDINANCE, TRAFFIC INFRACTION, OR MISDEMEANOR CHARGES NOT INVOLVING VIOLENCE, DRUGS OR WEAPONS WERE TAKEN TO THE SEMINOLE COUNTY JAIL BEFORE AN APPEARANCE BEFORE A JUDGE AND UPON ENTRY INTO THE JAIL WERE STRIP SEARCHED, EXCLUDING ANY PERSON SEARCHED ON "PROBABLE CAUSE" REPORTED IN WRITING ON AN INCIDENT FORM.**

You must complete and submit this claim form no later than May 4, 2007, to qualify for $1,800.00 in payment from settlement of this class action strip search case against the Sheriff of Seminole County and others.  If you do not return a completed claim form by the due date you will receive **no money** from the settlement.

#### Please enter your <u>correct</u> name and address below if incorrect.

(First name) _____ (Middle name) _____ (Last Name) _____

(Address) _____

(City) _____ (State) _____ (Zip Code) _____

**Please provide the following information**:

      Phone Number:_____

      FL. Driver's License No.:_____

      Social Security Number:_____

      Date of Birth:_____

Answer each of the following questions by placing a check in the "yes" or "no" box at the end of the question.

| | Yes | No |
|---|---|---|
| Prior to appearing before a judge, were you arrested and strip searched at the John E. Polk Correctional Facility at any time between June 9, 2001 and August 30, 2005 ? | ❏ | ❏ |
| If you answered **"no,"** you need not do any thing further as you are not a class member and are not entitled to payment.  You may ignore this notice and claims form. | | |
| If you answered **"yes,"** do you want to participate in payment to the class members? | ❏ | ❏ |

**CAUTION – THESE ANSWERS ARE GIVEN UNDER PENALTY OF PERJURY.**
**CRIMINAL FRAUD WILL RESULT IN DENIAL OF YOUR CLAIM.**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF FLORIDA THAT THE ABOVE IS TRUE AND CORRECT.

DATED:_____        SIGNATURE:_____

The information given here is private and will remain confidential, subject to the provisions of Florida's Public Records Act, which may require the disclosure of information provided.  If you have any questions about this lawsuit, write to Class Counsel: Randall C. Berg, Jr., Esq., Florida Justice Institute, Inc., 100 S.E. Second Street, 4320 Bank of America Tower, Miami 33131-2309, telephone 305-358-2081.

**THIS CLAIM FORM MUST BE SIGNED AND RETURNED**
**WITH A POSTMARK NO LATER THAN MAY 4, 2007**

**If you would like your settlement check mailed to an address other than that on the first page of the Claim Form, provide it here:  (Address if different) to which settlement check should be mailed:**

_____
_____
_____

Use the return envelope (or any other envelope) and mail the completed claim form to:

Randall C. Berg, Jr., Esq.
Florida Justice Institute, Inc.
100 S.E. Second Street
4320 Bank of America Tower
Miami 33131-2309