# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CASE NO. 6:05-cv-850-Orl-31KRS

| | |
|---|---|
| **RONALD M. PARILLA, ALDA RUGG, BILLY CATES, THERESA DECLUE, AILEEN NUNEZ, DAVID W. ROBERTS, KIM LEMISTER, and FRANTARSHIA STAFFORD,** individually and on behalf of a Class of all others similarly situated, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **DONALD ESLINGER,** individually and in his official capacity as Sheriff of Seminole County, **MICHAEL TIDWELL,** individually and in his official capacity as Director of the John E. Polk Correctional Facility, **DAVID DIGGS,** in his individual capacity, and **SEMINOLE COUNTY,** | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## **AMENDED[1] AGREED ORDER AND JUDGMENT OF DISMISSAL**

This matter came on for a Fairness Hearing on May 24, 2007, as set forth in the Amended Notice of Hearing entered on May 2, 2007. Plaintiffs' class was represented by Class Counsel Randall C. Berg, Jr., of the Florida Justice Institute, Inc., and J. Larry Hanks of Larry Hanks, P.A.; Defendants Eslinger, Diggs, and Tidwell were represented by Thomas W. Poulton and D. Andrew DeBevoise of DeBevoise and Poulton, P.A., Defendant Seminole County was represented by David T. White, III, of Rissman, Barrett, Hurt, Donohue, & McLain, P.A.

After considering the submissions of the parties, including the Joint Motion for Preliminary

---

[1] The Court enters this amended order and judgment to correct minor typographical errors and the name of Verified Settlement Class Member Micah Stephens, which had been misspelled in the order and judgment entered May 29, 2007 (Doc. 86).

Approval of Provisional Settlement Class and Settlement of Class Action, together with the extensive exhibits attached thereto and the Arguments of Counsel, it is hereby

ORDERED and ADJUDGED AS FOLLOWS:

1. On January 25, 2007 this court entered its Order preliminarily approving settlement of the above captioned class action.  Since the entry of the Court's preliminary Order, in accordance with the Stipulation of Settlement as proved to the satisfaction of the Court, the requisite notice of Settlement, with opt-out and objection information, was published in the *Orlando Sentinel* (February 12, 2007 and February 19, 2007) and on the web at www.FloridaJusticeInstitute.com with Questions and Answers, the Stipulation of Settlement, Class Notice and Claims Forms; and notice of the Settlement and approved claim forms were posted by First Class U.S. Mail to the last known address of each person in groups one and two of the settlement class.  Both the published notice and the mailed notice specified that claim forms had to be delivered to Plaintiffs' Counsel at the Florida Justice Institute, post marked not later than May 4, 2007.

2. Both the published and mailed notices specified that any person who chose to object to the Settlement, either personally or through counsel, and desired to appear at the Fairness Hearing was required to submit a Notice of Intention to Appear, together with written arguments in support of any objection, by May 4, 2007.  No written objections were received by the Court.  Furthermore, although opportunity was given by the court to voice objections at the time of the Fairness Hearing, no objections were stated by any member of the class or representative of any such class member.  The notice also specified that any person who chose to exclude themselves from the class may do so by signing a request for exclusion that must be filed with the Clerk of the Court by May 5, 2007.  Requests for exclusion were received by the clerk from BONNIE RETALIC, A.K.A. BONNIE KOZIMOR (DE 77), ASIER MURUA (DE 78), and  DR. LINDA TAVERNIER-ALMADA (DE 79).

3. The Court is satisfied from all of the memoranda of law, declarations, and exhibits submitted to the Court, that the Stipulation of Settlement is, and the Court now finds, is fair and

finally approves it as such. The Stipulation of Settlement is incorporated herein by this reference as if set out in full.

    4. The members of the settlement class include the following:

        a. Representative Class Members (RCMs): RONALD PARILLA, ALDA RUGG, THE ESTATE OF BILLY CATES, THERESA DECLUE, AILEEN NUNEZ, DAVID W. ROBERTS, KIM LEMISTER, SHANE BRADLEY, and FRANTARSHIA STAFFORD.

        b. Verified Settlement Class Members (VSCMs) include: DARREN GREEN, BRIAN STAMEN, MICAH STEPHENS, and ROBERT BROCK.

    5. Claim forms were timely submitted by potential class members, reviewed, and were found to be unverified claims. Unverified Class Members (UVMs) include: DAVID MORTON, WILLIE WRIGHT, JUDY HAGNER, RESHARD NOBLE, NICHOLAS BENNETTO, and JOHN WARREN.

    6. Claim forms were untimely submitted by potential class members and were excluded from the verification process. The time-barred claims were submitted by PHILLIP SCOTT HALL and ELIZABETH SCOTT.

    7. On May 24, 2007, JUDY HAGNER did appear at the Fairness Hearing and was heard by the Court. After a review of her claim form, jail records and correspondence, it was determined that Ms. HAGNER was not a verified class member. Ms. HAGNER was informed as to the Court's reasoning for not allowing her claim, and what remedies she still has if she wishes to file a separate action.

    8. Persons who previously commenced civil litigation challenging the legality of any strip search at the John E. Polk Correctional Facility during the class period and have prevailed, settled or had their complaints denied on their merits, and persons who have given timely notice of their election to be excluded from the settlement class are not included in the settlement class.

    9. With the exception of any individuals who submitted timely requests to the Court to opt-

out of the Stipulation of Settlement, all claims and complaints of the named representative plaintiffs, together with all persons in the settlement class, are now dismissed with prejudice as to all of the Related Persons defined to include the defendants and their predecessors, successors, and/or assigns, together with past, present and future officials, employees, representatives, attorneys and/or agents of the John E. Polk Correctional Facility. Claims and complaints of such persons are now forever barred, and all settlement class members are enjoined from asserting against any Released Person or persons any and all claims which the settlement class members had, have, or may have in the future arising out of the facts alleged in the Amended Complaint.

10. Each Released Person is released from the claims which any settlement class member has had or may in the future have against any such Released Person arising out of the facts in the Complaint.

11. This Court explicitly finds that the Stipulation of Settlement, which is now made final by this Judgment, was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Class. The Court expressly approves payment to Class Counsel the Law Office of Larry Hanks, P.A. and the Florida Justice Institute, Inc., of the amount of Two Hundred and Six Thousand Dollars ($206,000) as and for attorneys' fees for the representation of the settlement class members herein, to be paid as provided in the Stipulation of Settlement.

12. The Court further explicitly approves payment from the payment fund of a total of Three Hundred and Sixty Thousand Dollars ($360,000) to be divided among the Representative Class Members (RCMs), as specified in the Stipulation of Settlement. The Court finds the amount is fair and adequate in view of the damages suffered by the representative plaintiffs and the efforts they expended in litigating this case in the several years since the underlying events occurred which gave rise to the filing of the Complaint.

13. Pursuant to the Stipulation of Settlement, defendants have allocated up to Fifty-Four Thousand Dollars ($54,000) to pay verified Settlement Class Members (SCMs). Claims have been submitted to and, in accordance with the claims processing procedure specified in the Stipulation

of Settlement, will be paid eighteen hundred dollars each ($1,800.00 each) to the four (4) VSCM set forth above in ¶ 4.b. as soon as practicable following the effective date of this Judgment, meaning the date it is entered and becomes final. The Judgment will be deemed final only upon the expiration of the time to appeal or, if a Notice of Appeal is filed, upon exhaustion of all appeals and petitions for a Writ of Certiorari.

14. The Court reserves continuing and exclusive jurisdiction over the parties in this action, including defendants and all settlement class members, to administer, supervise, and construe and enforce the settlement in accordance with the terms for the mutual benefit of all of the parties.

15. It is further ordered, adjudged and decreed that the Complaint in this action be dismissed with prejudice and that Judgment be and the same hereby is entered pursuant to the terms of this Order.

DONE AND ORDERED in chambers in Orlando, Florida, Orange County this May 30, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record